FILED

2010 JUL 15  AM 8: 35

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY__________DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                    Plaintiff/Respondent,

    vs.

FELIX MONTANO-FIGUEROA,

                    Defendant/Petitioner.

CASE NO. 08-cv-2042 BEN
(08-cr-0517 BEN)

ORDER DENYING MOTION FOR
TIME REDUCTION UNDER 28
U.S.C. 2255

[Docket No. 18]

    Before this Court is Defendant/Petitioner Felix Montano-Figueroa's ("Petitioner's") Motion for Time Reduction by an Inmate in Federal Custody pursuant to 28 U.S.C. § 2255 ("Motion"). Petitioner's Motion is made on the grounds that Petitioner has a mother in Mexico who needs Petitioner's financial support. For the reasons set forth below, the Court **DENIES** Petitioner's Motion.

## RELEVANT BACKGROUND

    On or around January 29, 2008, Petitioner was found in the United States near the San Ysidro Port of Entry. A routine record check showed a prior illegal entry attempt into the United States and, as a result, Petitioner was deported on or around November 26, 2007. The record showed, and Petitioner conceded, that he had not applied for permission to re-enter into the United States.

    On February 26, 2008, the United States filed an Information charging Petitioner with one misdemeanor count of illegal entry under 8 U.S.C. § 1325 and one felony count of illegal entry under 8 U.S.C. § 1325. (Docket No. 6.)

    On March 18, 2008, Petitioner pled guilty to the Information before Magistrate Judge Barbara

1  Lynn Major.  (Docket No. 9.)

2       On April 18, 2008, this Court accepted Petitioner's guilty plea and, based thereon, imposed a

3  prison term of thirty months.  (Docket No. 15.)

4       On November 3, 2008, Petitioner filed the Motion currently before this Court.  (Docket No.

5  18.) Respondent filed a Response.  (Docket No. 21.)  Despite being granted an extension of time,

6  Petitioner did not file a reply.

7       For the reasons set forth below, the Court **DENIES** Petitioner's Motion.

8  **DECISION**

9    **I.**    **PETITIONER WAIVED HIS RIGHT TO CHALLENGE HIS SENTENCE**

10       Petitioner's plea agreement includes a waiver provision providing, in relevant part,

11       . . . defendant waives, to the full extent of the law, any right to appeal
     or to collaterally attack the guilty plea, conviction and sentence,

12       including any restitution order, unless the Court imposes a custodial
     sentence above the greater of the high end of the guideline range

13       recommended by the Government. . . or the statutory mandatory
     minimum term, if applicable.

14

15  (Opp., Ex. A at pgs. 3-4.)

16       The Ninth Circuit regularly enforces knowing and voluntary waivers in criminal cases where

17  the waivers are part of negotiated guilty pleas. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir.

18  2000). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *Id.*

19  at 1068 (citing *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994)).  When a waiver is a term

20  of the plea agreement and the defendant states he understands the agreement, he has knowingly and

21  voluntarily waived his right to appeal. *Michlin*, 34 F.3d at 898-99.

22       The plea agreement's language in this case clearly embraces a waiver of any collateral attack

23  on the imposed sentence, including a Section 2255 motion. *See United States v. Schuman*, 127 F.3d

24  815, 817 (9th Cir.1997) (per curiam).  The record reflects that Petitioner's waiver was knowing and

25  voluntary, as evidenced by his initials on each page of the plea agreement and signature at the end of

26  the agreement. (Opp., Ex. A.) Therefore, the Court finds that Petitioner's waiver was made knowingly

27  and voluntarily and, thus,  is valid.

28       The exceptions to waiver set forth in the plea agreement also do not apply.  Those exceptions

1   include where the Court imposes a sentence greater than the high end of the range recommended by

2   the Government or the statutory mandatory minimum.  The record shows that the applicable sentencing

3   range in this case was between 70 and 87 months (Docket No. 14) and that there was no statutory

4   mandatory minimum in this case (8 U.S.C. § 1325).  Nonetheless, the Court imposed a sentence of

5   only 30 months.  The Court's sentence clearly did not exceed the high end of the sentencing range

6   recommended by the Government and did not exceed the statutory mandatory minimum.   Thus, the

7   exceptions to Petitioner's waiver do not apply.

8          In light of the above, the Court finds that, pursuant to the plea agreement, Petitioner waived

9   his right to challenge his sentence.

10                                         **CONCLUSION**

11          For the above stated reasons, the Court **DENIES** Petitioner's Motion for Time Reduction by

12   an Inmate in Federal Custody pursuant to 28 U.S.C. § 2255  (Docket No. 18).

13   **IT IS SO ORDERED**.

14

15   DATED: _____, 2010

16                                                    Honorable Roger T. Benitez
                                                     Judge United States District Court

17

18

19

20

21

22

23

24

25

26

27

28

08cv2042/ 08cr0517